UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.,<br><br>Plaintiff,<br><br>v.<br><br>DIBO ATTAR,<br><br>Defendant. | Hon. Claire C. Cecchi<br>Civil Action No. 11-cv-329 (CCC-JAD)<br><br>**Report and Recommendation** |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court for a Report and Recommendation on Dibo Attar's ("Attar" or "Defendant") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7); and

**WHEREAS** Attar, Assiniboia Rubber Recycling, Inc. ("Assiniboia") and Crandall S. Connors ("Connors") retained Cole, Schotz, Meisel, Forman & Leonhard, P.A. ("Cole Schotz" or "Plaintiff") to provide legal services in October 2009; and

**WHEREAS** Attar, Assiniboia, and Connors signed a retainer letter (the "Agreement") which specifies that Attar, Assiniboia and Connors each retained Cole Schotz and that they "jointly and severally agree to guaranty the fees and expenses incurred;" and

**WHEREAS** Cole Schotz filed a Complaint against Attar for the collection of legal fees incurred during the legal representation; and

**WHEREAS** Attar has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(7); and

**WHEREAS** under Rule 12(b)(7), a defendant may move to dismiss a claim based on plaintiff's "failure to join a party under Rule 19," and Rule 19 requires the joinder of necessary and indispensable parties; and

**WHEREAS** if the Agreement in question imposes joint and several liability on co-obligors, "complete relief may be granted in a suit against only one of them," Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 406 (3d Cir. 1993), and therefore if the Agreement imposes joint and several liability a co-obligor is not a necessary party, id.; and

**WHEREAS** "[i]nherent in the concept of joint and several liability is the right of a plaintiff to satisfy its whole judgment by execution against any one of the multiple defendants who are liable to him, thereby forcing the debtor who has paid the whole debt to protect itself by an action for contribution against the other joint obligors;" Id. at 412; and

**WHEREAS** the present action has no legal effect on whatever right to reimbursement or contribution Attar may have against his co-obligors; Id.; and

**WHEREAS** Attar has admitted he signed the retainer agreement, he understood that he was a guarantor of the services Cole Schotz was to provide, and the retainer provided for joint and several liability among the obligors; and

**WHEREAS** although Attar may have a claim for contribution from his co-obligors, any such claim cannot form the basis for dismissing Cole Schotz's Complaint where the law in the

Third Circuit regarding joint and several liability as it relates to necessary and indispensable parties is clear;

IT IS on this 27th day of December, 2011,

**RECOMMENDED** that Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) be denied.

JOSEPH A. DICKSON, U.S.M.J.

cc:     Honorable Claire C. Cecchi, U.S.D.J.